**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:20-CV-00547-RSE**

**RODNEY M. GRIMES**                                                                              **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*[1]                                     **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

The Commissioner of Social Security denied Rodney Grimes' ("Plaintiff's") application

for supplemental security income benefits. Plaintiff seeks judicial review of the Commissioner's

decision pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 18) and the Commissioner (DN 23)

have filed a Fact and Law Summary. The parties have consented, under 28 U.S.C. § 636(c) and

Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further

proceedings in this case, including issuance of a memorandum opinion and entry of judgment,

with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 17).

I. Background

Plaintiff Robert Grimes ("Plaintiff") is 42 years old, lives with his brother, and did not

complete high school. (Tr. 13). Plaintiff is presently unemployed, and his job history consists only

of landscaping for two years for his brother. (*Id.*). On January 2, 2018, Plaintiff applied for

supplemental security income ("SSI") benefits under Title XVII of the Social Security Act, 42

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of
Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

U.S.C. § 1382c(a)(3). (Tr. 181). His application states he became disabled in January 2015 due to a ruptured disc, post-traumatic stress disorder (PTSD), mood disorder, paranoia, chronic depression, and a torn ligament in the right arm. (Tr. 196). His claim was denied initially on June 20, 2018 and upon reconsideration on September 18, 2018. (Tr. 106; 110). Upon Plaintiff's request, Administrative Law Judge Candace McDaniel ("ALJ McDaniel") conducted a hearing in Louisville, Kentucky on June 4, 2019. (Tr. 37–72). Plaintiff attended the hearing with his attorney and testified. (*Id.*). ALJ McDaniel issued an unfavorable decision on August 30, 2019. (Tr. 20–31).

ALJ McDaniel applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Plaintiff has not engaged in substantial gainful activity since January 2, 2018, the application date. (Tr. 22). Second, Plaintiff has the severe impairments of status-post rib fractures and liver laceration, myofascial pain, prepatellar bursitis of the right knee, PTSD, and bipolar disorder. (Tr. 22–23). Third, none of Plaintiff's impairments or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 23–24). Between steps three and four, ALJ McDaniel found that Plaintiff has the residual functional capacity to perform "light work" with the following limitations:

> He is able to sit for six hours total in an eight-hour workday and stand and walk for four hours total in an eight-hour workday; he is able to maintain attention and concentration for two-hour segments throughout an eight-hour workday; he can climb ladders, ropes, scaffolds, ramps, and stairs occasionally; he can stoop, crouch, crawl, and kneel occasionally; he can interact with coworkers but not in tandem; he should not interact with the public for task completion; he should not engage in work with a strict production quota or assembly line pacing; he should have no concentrated exposure to vibration; he should avoid all exposure to work hazards, including unprotected heights and operating dangerous, moving machinery.

(Tr. 25–29). Fourth, ALJ McDaniel found that Plaintiff has no past relevant work to consider. Fifth and finally, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 30). Based on this evaluation, ALJ McDaniel concluded that Plaintiff was not disabled, as defined in the Social Security Act, from January 2, 2018 through August 30, 2019, the date of her decision. (Tr. 31).

Plaintiff sought review of ALJ McDaniel's decision. (Tr. 179). On September 9, 2019, shortly after the decision was issued, Plaintiff underwent a comprehensive psychological assessment by Dr. Karen Eisenmenger. (Tr. 12). Dr. Eisenmenger concluded that Plaintiff's cognitive function is within the "Extremely Low" range, that his reading ability is within the "Lower Extreme" range, and that he is not likely to maintain gainful employment or live on his own. (Tr. 14–15). The examiner recommended Plaintiff be "referred for any community benefits available to those with an intellectual disability." (Tr. At 15). Plaintiff provided the report to the Appeals Council, which found that the document did not show a reasonable probability that it would change the outcome of ALJ McDaniel's decision. (Tr. 2). At that point, the denial became the final decision of the Commissioner, and Plaintiff appealed to this Court. (DN 1).

## II. Analysis

Plaintiff's sole argument is that the Appeals Council should have remanded his case pursuant to 42 U.S.C. § 405(g) for consideration of the post-ALJ decision psychological evaluation. (DN 18-1). He contends this evidence is both new and material, but that good cause need not be specifically demonstrated because the report did not exist until a few days after ALJ McDaniel's unfavorable decision issued. (*Id.* at p. 3). The Commissioner argues Plaintiff has not met his burden of showing entitlement to a sentence six remand. (DN 23, at p. 3).

A remand under 42 U.S.C. § 405(g) "sentence six" for consideration of additional evidence

is warranted only if (1) the evidence is "new" and "material" and (2) "good cause" is shown for the failure to present the evidence to the Administrative Law Judge. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Foster*, 279 F.3d at 357).

As to the first requirement, evidence is only "new" for purposes of 42 U.S.C. § 405(g) if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster*, 279 F.3d at 357. Such evidence is deemed "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (internal quotation marks and citation omitted). As to the second requirement, a claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the Administrative Law Judge. *Id.* (internal citations omitted).

Upon review of the evidence submitted to the Appeals Council, this Court agrees that Plaintiff has not met his burden. The psychological assessment was administered and the corresponding evaluation issued after ALJ McDaniel's decision, making it clear that it was not available to Plaintiff at the time of his hearing. But evidence must be both new and material to satisfy the first sentence six requirement, and Plaintiff makes no attempt to establish materiality. Plaintiff merely states in one sentence that "the evidence is both new and material, in that the extent of Plaintiff's intellectual disability was not known prior to this report." (DN 23, at p. 3). Novelty alone does not automatically establish materiality.

Plaintiff's deficient argument notwithstanding, independent assessment of the evaluation

shows no reasonable probability that ALJ McDaniel would have reached a different conclusion if presented with it. The only new finding from the assessment was Dr. Eisenmenger's "diagnostic impression" that Plaintiff has a mild intellectual disability.[2] (Tr. 15). And while this specific impression may be new, it is not inconsistent with any of ALJ McDaniel's findings. At Step Three, ALJ McDaniel considered in relevant part:

> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.15. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis.

(Tr. 23). In understanding, remembering, and applying information, Plaintiff was determined to have a mild limitation. (Tr. 24). Regarding concentrating, persisting, or maintaining pace, as well as adapting or managing oneself, Plaintiff was found to have a moderate limitation. (*Id.*). Nothing in the psychological assessment indicates that the "paragraph B" criteria might now be satisfied. Further, there is no indication that Dr. Eisenmenger's diagnostic impression, considered with the whole of Plaintiff's medical and psychiatric records, would affect ALJ McDaniel's ultimate disability determination or alter the limitations of his RFC.

In addition to Plaintiff's failure to show materiality of the new evidence, he similarly fails to satisfy the good cause requirement for sentence six remand. Plaintiff offers no justification for his failure to seek psychological evaluation and submit relevant findings when the record was open

---

2 Dr. Eisenmenger came to three "diagnostic impressions": that Plaintiff has "possible Bipolar I Disorder"; a history of childhood physical abuse, per his own report; and "Intellectual Disability, Mild." His bipolar diagnosis is not new information and was assessed by ALJ McDaniel. (Tr. 22–23).

before ALJ McDaniel. The fact that the psychological evaluation was performed after the administrative hearing does not alone justify remand. Plaintiff could have just as easily undergone the evaluation prior to the hearing, but he seems to be operating under the assumption that he can supplement the record for appellate review without providing any justification for admitting the new evidence. Plaintiff has not proven good cause for not acquiring and presenting this evidence at an earlier time.

Because Plaintiff has not put forth evidence sufficient to show a reasonable probability that ALJ McDaniel would change her mind if presented with the new evidence, the undersigned concludes no sentence six remand is warranted.

### ORDER

For the above-stated reasons, the Court denies Plaintiff's request for a sentence six remand under 21 U.S.C. § 405(g). **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Regina S. Edwards, Magistrate Judge
United States District Court

September 27, 2021

Copies:        Counsel of Record

6